IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWARD HALL, ET AL, | § | UNITED STATES DISTRICT COURT |
| | § | SOUTHERN DISTRICT OF TEXAS |
| *Plaintiffs,* | § | HOUSTON DIVISION |
| | § | CIVIL ACTION NO. 4:09-vc-02528 |
| | § | |
| V. | § | CIVIL ACTION NO. 3-10-mc-0058-M |
| | § | |
| | § | |
| EL DORADO CHEMICAL COMPANY, | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT EL DORADO CHEMICAL COMPANY'S
RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY ON
PILOT CATASTROPHE SERVICES, INC. (DOC #1)**

Plaintiffs issued two defective subpoenas to an agent of El Dorado Chemical Company ("El Dorado") seeking to discover privileged material. At the risk of repeating itself, El Dorado files this response and its brief in support hereof, on behalf of it and its agent, Pilot Catastrophe Services, Inc. ("Pilot") and would show the following:

1. The subpoenas issued to Pilot were defective on their face by failing to comport with the requirements of Fed. R. Civ. P. 45.

2. A court must quash or modify a subpoena if the subpoena (1) does not allow reasonable time to comply, (2) requires disclosing privileged or protected material and no exception or waiver applies, or (3) subjects a person to undue burden.[1]

3. Plaintiffs gave Notice of Intention to Take Oral Deposition of the Custodian of Records for Pilot Catastrophe Services, Inc. on March 17, 2010 pursuant to Rule 30(B) of the Federal Rules of Civil Procedure. Plaintiffs gave Notice of Intention to Take Oral Deposition of the Designated Representative for Pilot Catastrophe Services, Inc. on March 23, 2010 pursuant to

Rule 30(b) of the Federal Rules of Civil Procedure. Each of these subpoenas sought compliance on April 1, 2010.

4. On March 29, 2010, El Dorado confirmed to Plaintiffs' counsel, both via telephone and correspondence, the subpoenas issued to Pilot sought the production of and deposition testimony on information protected by privilege. El Dorado further indicated Pilot could not adequately respond to the subpoenas given the volume of information at issue and the short time mandated for compliance.

5. Prior to close of business on March 31, 2010, El Dorado's counsel again conferred with Plaintiffs' counsel via telephone and confirmed Pilot could not produce documents or provide a representative for deposition. That afternoon, on March 31, 2010, El Dorado also filed a motion to quash, along with a Memorandum in Support, in the Southern District of Texas.

6. Pilot was hired in response to the chemical fire that took place at the El Dorado facility in Bryan, Texas. Both subpoenas issued by Plaintiffs seek to discover information regarding the response actions taken by Pilot. Specifically, Plaintiffs seek the production of and deposition testimony on "any and all documents" relating to more than 12,600 claims. This information protected by attorney-client and work product privileges as recognized in Texas.

7. Plaintiffs' subpoenas seek discovery of documents, thought processes, and persons related to Pilot's response efforts. By demanding production of "any and all" documents, Plaintiffs, for example, sought recovery of Pilots' adjuster's narrative reports, communications between Pilot and El Dorado and El Dorado's agents, and other documents reflecting Pilot's approach to claims handling. Such requests require the disclosure of privileged information protected by both attorney-client and work product privileges. Neither El Dorado Chemical nor Pilot has waived such privilege.

---

[1] Fed. R. Civ. P. 45(c)(3)(A).

8. In light of the need to review all the documents at issue and limited time provided for compliance, the subpoenas sought to impose an undue and substantial burden on both El Dorado and Pilot.  The review of all 12,600 claims for purposes of specifically asserting privilege and producing same in a manner to correspond to the subject subpoenas represented a near impossible task in light of the short time period provided by Plaintiffs.  Moreover, corporate representatives could not have been adequately prepared to provide testimony regarding the handling of all 12,600 claims in a mere eight (8) days, the time provided for compliance.

9. El Dorado and Pilot have continued efforts to try and reach an agreement on the scope and timing of production of documents from Pilot.  And Plaintiffs' allegations to the contrary are patently false.  For example, in response to the letter of April 5, 2010 faxed by Plaintiffs' lawyers to Pilot, Pilot's Alabama counsel, David Walker, along with El Dorado's counsel, participated in a conference call with Hank Dart that afternoon.  During this conversation, it was made clear Pilot could not have reasonably responded by April 1st.  El Dorado also indicated it, in conjunction with Pilot, would consider production of material relating to the claims presented to Pilot so long as efforts were made to protect the privacy rights of claimants.  Since then, El Dorado even offered to extend the deadline applicable to the filing of Plaintiffs' motion for class certification to allow sufficient time for the production and review of material which might be subject to production.

10. The Court must quash Plaintiffs' subpoenas because each requires disclosure of privileged or protected material, and no exception or waiver applies.[2]  Additionally, the subpoenas sought to impose an undue burden on the Pilot and El Dorado given the limited time provided for compliance.

11. In its Motion to Compel, Plaintiffs failed to specify the relevance of the information requested or articulate any need for these documents.

12. With regard to their request for reimbursement of expenses, Plaintiffs have failed to provide the Court with any documentation suggesting the nature of any costs incurred.

El Dorado and Pilot request the Court deny Plaintiffs' Motion to Compel and quash Plaintiffs' defective subpoenas in their entirety.  Alternatively, El Dorado and Pilot request the Court modify the subpoenas issued to Pilot and allow only the discovery of that information the Court deems non-privileged and reasonably calculated to lead to the discovery of admissible evidence, and allow reasonable time for El Dorado and Pilot to comply with such production order.  El Dorado and Pilot further pray the Court grant them such other relief to which they may show themselves justly entitled.

Respectfully submitted,

By:  /s/ L. Keith Slade
L. Keith Slade
State Bar No. 18478700
Fed. ID No. 2857
Tucker Taunton Snyder & Slade
10370 Richmond Avenue, Suite 1400
Houston, TX 77042
Telephone:  (713) 961-5800
Facsimile:  (713) 993-2308

*Attorney in Charge for El Dorado Chemical Company and Pilot Catastrophe Services, Inc.*

---

[2] Fed. R. Civ. P. 45(c)(3)(A)(iii).

OF COUNSEL:

Tucker Taunton Snyder & Slade
Norman E. Snyder, Jr.
State Bar No. 18818500
Federal Identification No. 6139
Matthew S. Parish
State Bar No. 24014279
Federal Identification No. 25140
10370 Richmond Avenue, Suite 1400
Houston, TX 77042
Telephone:  (713) 961-5800
Facsimile:   (713) 993-2308

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Defendant El Dorado Chemical Company's Response to Plaintiffs' Motion to Compel Discovery on Pilot Catastrophe Services, Inc. has been forwarded to all counsel of record in compliance with Rule 5 of the Federal Rules of Civil Procedure on April 15, 2010.

> Donald H. Grissom
> William W. Thompson, III
> **GRISSOM & THOMPSON, LLP**
> 609 West 10th Street
> Austin, TX  78701
> Email:  don@gandtlaw.com
>
> Henry T. Dart
> **HENRY DART, ATTORNEYS AT LAW, P.C.**
> 510 North Jefferson Street
> Covington, LA  70433
> Email:  hdart@dartlaw.com
>
> Matthew David Karnas
> **BELLOVIN AND KARNAS, P.C.**
> 131 East Broadway Blvd.
> Tucson, AZ  85701
> Email:  karnas@bellovinkarnas.com

By:     /s/ L. Keith Slade
L. Keith Slade